2011 UT App 41

**Dorann C. MITCHELL, Petitioner and Appellee,**

v.

**Nathaniel M. MITCHELL, Respondent and Appellant.**

No. 20091027–CA.

Court of Appeals of Utah.

Feb. 3, 2011.

---

Scott B. Mitchell, Salt Lake City, for Appellant.

Justin T. Ashworth and Albert N. Pranno, Salt Lake City, for Appellee.

Before Judges DAVIS, ORME, and VOROS.

## MEMORANDUM DECISION

VOROS, Judge:

¶ 1 This appeal questions the trial court's division of the proceeds of a judgment held by Appellant Nathaniel M. Mitchell (Husband) and Appellee Dorann C. Mitchell (Wife). We affirm.

¶ 2 During the parties' marriage, the Federal Deposit Insurance Corporation (the FDIC) obtained a judgment (the FDIC judgment) against Husband. The FDIC later assigned this judgment to MDI Equity Partners, LLC (MDI). Also during the marriage, Husband and Wife jointly obtained a judgment against Steven A. Collins (the Collins judgment). In exchange for MDI's relinquishment of the FDIC judgment against him, Husband unconditionally assigned his interest in the Collins judgment to MDI. Husband's interest in the Collins judgment was determined by the trial court in the Divorce Decree entered July 22, 2002 (the Decree). The Decree specified that Husband and Wife were each awarded "one-half of any proceeds received from the Collins lawsuit."

¶ 3 Soon thereafter the Mitchells began receiving payments from the Collins judgment. The first payment was approximately $180,000. The parties' attorney properly retained one-third of this amount as his fee. The remaining two-thirds he divided in half; he properly forwarded Husband's half (one-third of the total) to MDI pursuant to the 2002 assignment, and he paid Wife's half (one-third of the total) to Wife. Wife split her share with Husband, paying him approximately $33,000. The parties disagree as to why she shared her payment with Husband. Husband claims that he was entitled to it; Wife claims that she paid this amount by mistake.

¶ 4 The second payment from the Collins judgment was approximately $267,000. This time, according to Husband's brief, Wife "refused to pay [Husband] his one-half share of her one-third share." The trial court ruled that under the terms of the Decree, Wife was entitled to one-third of the total payment, that is, one-half of the Collins judgment net of the attorney's one-third contingent fee, but *not* net of both that fee and Husband's obligation to MDI.

¶ 5 Husband frames three issues on appeal but they resolve into a single question: having assigned his interest in the Collins judgment prior to the divorce, is Husband entitled under the Decree to one-half of Wife's one-third share of the proceeds of the Collins judgment? "We interpret a divorce decree according to established rules of contract interpretation." *Moon v. Moon*, 1999 UT App 12, ¶ 18, 973 P.2d 431 (internal quotation marks omitted). We therefore review the trial court's interpretation of the Decree for correctness. *See Green River Canal Co. v. Thayn*, 2003 UT 50, ¶ 16, 84 P.3d 1134 ("The trial court's interpretation of a contract presents a question of law, which

we review for correctness."). The trial court ruled that the Decree is "clear," a determination that Husband does not contest on appeal. If the language in a decree is clear, we determine its effect from its plain language. *See Glenn v. Reese*, 2009 UT 80, ¶ 10, 225 P.3d 185 ("Where the [contract] language is unambiguous, the parties' intentions are determined from the plain meaning of the contractual language." (internal quotation marks omitted)).

¶ 6 The Decree awarded each party "one-half of any proceeds received from the Collins lawsuit." Yet Husband claims a "one-half share of [Wife's] one-third share." His argument is subtle. It is that his "obligation to MDI was completely extinguished long before the entry of the Decree of Divorce." Thus, he reasons, "when the parties separated and divorced more than four years later, it was only [Wife's] interest in the Collins judgment which remained as a marital asset."

¶ 7 Reviewing the plain language of the Decree, we find the trial court's straightforward reading to be correct. Before the parties' divorce, Husband assigned to MDI all of his interest in the Collins judgment. The parties then divorced. At that time, the trial court determined precisely what Husband's interest in the Collins judgment was. *See* Utah Code Ann. § 30–3–5(1) (Supp.2010) ("When a decree of divorce is rendered, the court may include in it equitable orders relating to the children, property, debts or obligations, and parties.").[1] His interest was, according to the Decree, "one-half of any proceeds received from the Collins lawsuit." Husband had previously assigned this interest to MDI and received value in return— assignment of the FDIC judgment and cessa-

tion of MDI's attempts to collect that judgment from him. This prior assignment did not mean, however, that Husband's interest in the Collins judgment was no longer part of the marital estate, only that he had bargained away his anticipated share of the judgment in advance.

¶ 8 Husband's interpretation of the language of the Decree would result in a 75/25 division of the post-attorney-fee proceeds of the Collins judgment rather than the 50/50 division contemplated by the Decree.[2] Husband is not entitled to one-half of Wife's share of the Collins judgment simply because he has already spent his share. However ingenious, this reading of the Decree is neither plain nor equitable.

¶ 9 The judgment of the trial court is accordingly affirmed in all respects.

¶ 10 WE CONCUR: JAMES Z. DAVIS, Presiding Judge, and GREGORY K. ORME, Judge.

---

1. Utah Code section 30–3–5 has been amended since the Decree was entered, but the relevant portion has not been changed. *See* Utah Code Ann. § 30–3–5 amend. notes (Supp.2010). We therefore cite to the current version of the code as a convenience to the reader.

2. Actually, under Husband's interpretation, MDI could conceivably receive 100% of the distributable proceeds of the Collins judgment. The parties agree that MDI was entitled to Husband's one-third share of the total proceeds, since that one-third share represented his interest in the Collins judgment. Having been left with none of the judgment proceeds, Husband now claims one-half of Wife's one-third share. But if Husband were awarded one-half of Wife's one-third share of the proceeds of the Collins judgment, MDI would seemingly be entitled to those proceeds as well. Husband would again be left with nothing, the court would award him one-half of Wife's remaining one-sixth share, and MDI would take that. This would continue in an endless regression until MDI had received 100% of the distributable proceeds of the Collins judgment (although Zeno's Dichotomy Paradox suggests that, in theory, however many times it took one-half of Wife's shrinking share, MDI could never take it all).